UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RICARDO A. MARCELINO, Pro Se, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-465-TRM-HBG |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. On March 28, 2017, the Court entered an Order to Show Cause [Doc. 12], directing the Plaintiff to show cause on or before April 11, 2017, for failure to file a dispositive motion and brief in support as directed by the Court's December 12, 2016 Order [Doc. 11]. The deadline has passed with no response. For the reasons stated herein, the undersigned will **RECOMMEND** that the District Court dismiss this action without prejudice.

I.  **BACKGROUND**

On July 25, 2016, the Plaintiff filed a Complaint [Doc. 1] against the Defendant due to a denial of Title II disability benefits. After the Commissioner filed her Answer [Doc. 7], the Court entered an Order [Doc. 11] on December 12, 2016, setting forth a briefing scheduling. Specifically, The Plaintiff was ordered to file a dispositive motion and a brief in support within forty-five (45) calendar days from the date of the Court's Order. The forty-five (45) day deadline expired on January 26, 2017, without any response from the Plaintiff. Based upon the Plaintiff's failure to file a dipositive motion, the Court entered an Order to Show Cause [Doc. 12] on March 28, 2017. The Court ordered the Plaintiff to show cause on or before April 11, 2017, as to why the undersigned should not recommend to the District Court that this matter be dismissed without prejudice for failure to prosecute. As of

the date of this Report and Recommendation, the Plaintiff has not responded to the Court's show cause order.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), courts have inherent power to dismiss an action due to a plaintiff's failure "to prosecute or to comply with these rules or a court order." *See Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.") (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629. Moreover, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999). This District's local rules admonish pro se plaintiffs that "[t]he failure . . . to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action." E.D.TN. LR 83.13.

District Courts consider the following four factors in determining whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir.2008) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome

dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.*

In the present matter, the Court finds that the record demonstrates delay and contumacious conduct. The Court's December 12, 2016 briefing schedule ordered the Plaintiff to file a dispositive motion within 45 days. Three months passed thereafter without any response, prompting the Court to enter its Order to Show Cause on March 28, 2017. Again, the Plaintiff did not file a response. The Plaintiff has been given ample time to prosecute his case and has been given adequate notice that the failure to file a dispositive motion would result in this Court recommending that the case be dismissed. Given the Plaintiff's failure to meet the deadlines imposed by the Court, as well as his failure to respond to any of the Court's orders, the Court finds that the only appropriate sanction is dismissal.[1] *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (holding that "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay") (citation omitted).

---

[1] Moreover, the Court notes that the Plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Without a dispositive motion setting forth the alleged errors the Commissioner has committed in denying his application for benefits, with citation to the record to support factual allegations [Doc. 11], the Court cannot undertake a meaningful review of the decision on appeal.

## III. CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS**[2] that the Plaintiff's Compliant [**Doc. 1**] be **DISMISSED** without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).